ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** DEMANDANTE(S)-RECURRIDA(S) <br><br> v. <br><br> **ROYAL GALLERY, LLC; PUEBLO INC.; WALGREEN OF PUERTO RICO, INC.; FULANOS DE TAL 1-100** DEMANDADA(S)-RECURRIDA(S) <br><br> **BANCO POPULAR DE PUERTO RICO** DEMANDADA(S)-PETICIONARIA(S) | **KLCE202400755** | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** <br><br> Caso Núm. **SJ2022CV03418 (807)** <br><br> Sobre: Petición de Orden |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 30 de julio de 2024.

Comparece ante este Tribunal de Apelaciones, el **BANCO POPULAR DE PUERTO RICO** (**BPPR**) mediante un *Recurso de Certiorari* instado el 8 de julio de 2024. En su escrito, nos interpela para que revisemos la *Resolución NHL #81* decretada el 4 de junio de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] Mediante dicha *Resolución,* se declaró sin lugar la *Moción de BPPR Sometiendo Moción de Desestimación Bajo Sello de Confidencialidad.*

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Esta determinación judicial fue notificada y archivada en autos el 5 de junio de 2024. Apéndice de *Recurso de Certiorari,* pág.315.

Número Identificador:
RES2024_____

**- I -**

El 1 de mayo de 2022, el señor FAUSTINO XAVIER BETANCOURT COLÓN (señor BETANCOURT COLÓN) interpuso una *Demanda* solicitando, entre otras cosas, una sentencia declaratoria disponiendo que la parte demandada ha violado los requisitos del Título III de la *Amercian with Disabilities Act*, 42 U.S.C. § 12181 *et seq.* (*Ley ADA*) y su reglamentación dado que la propiedad no es completamente accesible y utilizable de manera independiente para personas con movilidad limitada.[2] El 30 de junio de 2022, el señor BETANCOURT COLÓN presentó *Moción al Expediente Judicial* acompañada de *Emplazamiento* diligenciado al **BPPR.**[3]

Después de algún tiempo, el 23 de agosto de 2022, sin someterse a la jurisdicción, el **BPPR** presentó una *Moción Informativa y en Solicitud de Remedio Misceláneo* en la cual peticionó la paralización de los procedimientos en su contra.[4] A los dos días, el 25 de agosto de 2022, sin someterse a la jurisdicción, el **BPPR** presentó *Moción Informativa en Torno a la Alegación Responsiva de Banco Popular* solicitando autorización para no presentar su contestación a menos que se le ordenara.[5]

El 7 de septiembre de 2022, en conformidad con *Orden* expedida el 2 de septiembre de 2022, el señor BETANCOURT COLÓN entabló una *Demanda Enmendada*.[6]

Más tarde, el 3 de noviembre de 2022, se dictó *Orden* en la cual se paralizaron los procedimientos en cuanto al **BPPR** hasta tanto el Tribunal Federal del Distrito de Puerto Rico atendiera y resolviera escrito presentado

---

[2] Apéndice de *Recurso de Certiorari,* págs. 1- 17.
[3] Entrada núm. 9 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Entrada núm. 18 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada núm. 19 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] Apéndice de *Recurso de Certiorari,* págs. 27-65.

en el caso 16-3122 (FAB).[7] Se le requirió al **BPPR** informar al tribunal primario cuando se resolviera el caso.

Luego de varios incidentes procesales, el 4 de marzo de 2024, el señor BETANCOURT COLÓN presentó *Moción en Solicitud para que se Dicte Orden* exponiendo que el 1 de marzo de 2024 el Tribunal Federal del Distrito de Puerto Rico había denegado la solicitud del **BPPR** y requiriendo que se reanudaran los procedimientos contra éste.[8] Así las cosas, el 7 de marzo de 2024, se dictaminó *Orden* concediendo un plazo de veinte (20) días al **BPPR** para reaccionar.[9] El 27 de marzo de 2024, el **BPPR** presentó *Moción en Cumplimiento de Orden* en la cual consintió a que se levantara la paralización del caso.[10] El mismo día, se emitió *Orden* concediendo un plazo de treinta (30) días para presentar su alegación responsiva al **BPPR**.[11]

El 28 de mayo de 2024, el **BPPR** presentó *Moción de BPPR Sometiendo Moción de Desestimación Bajo Sello de Confidencialidad.*[12] Consecuentemente, el 5 de junio de 2024, se intimó la *Resolución* impugnada.

Inconforme, el 8 de julio de 2024, el **BPPR** incoó ante este Tribunal de Apelaciones un *Recurso de Certiorari*. En su escrito, señala el(los) siguiente(s) error(es):

> Erró el TPI al determinar que las alegaciones contenidas en la Demanda Enmendada son suficientes para establecer que el apelado tiene legitimación activa y que satisfizo, en esta etapa del procedimiento, el estándar *prima facie* aplicable a sus dos tipos de reclamaciones.
>
> Erró el TPI al no aplicar el *First to File Rule*, a pesar de estar presentes todos los requisitos para su aplicación.
>
> Erró el TPI al declinar la solicitud alternativa de paralización fundamentada en el Acuerdo.

---

[7] Entrada núm. 43 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[8] Apéndice de *Recurso de Certiorari,* págs. 146- 147.

[9] Entrada núm. 71 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[10] Apéndice de *Recurso de Certiorari,* págs. 148- 149.

[11] *Íd.,* pág. 150.

[12] Entrada núm. 81 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 15 de julio de 2024, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un plazo perentorio de diez (10) días para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado. Al día siguiente, el 16 de julio de 2024, el **BPPR** presentó *Moción Retirando Recurso de Certiorari* aduciendo que el 11 de julio de 2024, la representación legal del señor **BETANCOURT COLÓN** presentó una *Moción de Desistimiento Voluntario Con Perjuicio* en la cual expuso que éste había fallecido el 10 de julio de 2024 y sus reclamaciones por ser de naturaleza personal no sobreviven su defunción. Asimismo, informó que el 15 de julio de 2024, el foro *a quo* expidió *Sentencia RPC 22.1 y 39.1(a)* ordenando el cierre y archivo del caso por desistimiento, con perjuicio; sin imposición de costas, gastos y honorarios de abogados; y dejando sin efecto señalamiento pautado para el 29 de julio de 2024.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

### - II -

La Regla 83 (A) de nuestro Reglamento conviene, en lo pertinente, que "*[l]a parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento*".[13]

En conformidad con la Regla 83 (A) del Reglamento del Tribunal de Apelaciones, se da por ***desistida*** el *Recurso de Certiorari* encausado el 8 de julio de 2024 por el **BPPR**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] 4 LPRA Ap. XXII-B, R. 83 (A).